IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CR-60-D
No. 4:22-CV-110-D

| | |
|---|---|
| JUSTIN O'NEAL BARNES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On September 13, 2022, Justin O'Neal Barnes ("Barnes" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate his conviction for possession of a firearm and ammunition by a felon (count one) and to vacate his 120-month sentence [D.E. 95]. On February 3, 2023, the government moved to dismiss Barnes's section 2255 motion [D.E. 108] and filed a memorandum in support [D.E. 109]. On January 19, 2023, the court issued Barnes a Rule 12 letter [D.E. 111]. On January 31, 2022, Barnes moved for an extension of time to file a response to the government's motion to dismiss [D.E. 112]. On February 3, 2023, Barnes responded in opposition to the government's motion to dismiss [D.E. 113]. As explained below, the court denies as moot Barnes's motion for an extension of time, grants the government's motion to dismiss, and dismisses Barnes's section 2255 motion.

I.

On November 7, 2017, a federal grand jury in the Eastern District of North Carolina indicted Barnes on two counts: possession of a firearm and ammunition by a felon (count one) and possession of a firearm which had been shipped and transported in interstate commerce, from which

the manufacturer's serial number had been removed, altered and obliterated (count two). See [D.E. 11]. On February 5, 2018, Barnes pleaded not guilty to both counts. See [D.E. 21]. On December 18, 2018, a jury convicted Barnes of possession of a firearm and ammunition by a felon (count one) and acquitted Barnes on count two. See [D.E. 49]. On April 1, 2019, the court held a sentencing hearing and adopted the facts set forth in the PSR. See Sent. Tr. [D.E. 88] 4. The court calculated Barnes's total offense level to be 28, his criminal history category to be IV, and his advisory guideline range to be 110 to 120 months' imprisonment. See id. at 6. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Barnes to 120 months' imprisonment. See id. at 6–16. Barnes appealed. See [D.E. 79]. On January 5, 2022, the United States Court of Appeals for the Fourth Circuit affirmed Barnes's conviction and sentence. See United States v. Barnes, No. 19-4259, 2022 WL 42478 (4th Cir. Jan. 5, 2022) (per curiam) (unpublished); [D.E. 92].

II.

In Barnes's section 2255 motion, Barnes contends that his trial counsel was constitutionally ineffective by: (1) failing to act on Barnes's request at arraignment to plead guilty to count one and proceed to trial only on count two; (2) failing to object to the expert testimony of Jamie Minns at trial; (3) failing to challenge the sufficiency count one of the indictment; (4) stipulating to Barnes being a prohibited person at the time of the felon in possession offense without Barnes's knowing and voluntary consent; and (5) failing to give Barnes accurate advice about Rehaif v. United States, 139 S. Ct. 2191 (2019). Barnes also argues that appellate counsel failed to raise on direct appeal the ineffective assistance of counsel claims Barnes makes in his section 2255 motion. See [D.E. 95] 4–15; [D.E. 113].

2

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. Fed. R. Civ. P. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including discovery, pretrial motions, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65

3

(2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021). Because "[a]n ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, . . . the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve." Harrington v. Richter, 562 U.S. 86, 105 (2011) (quotation omitted); see Weaver v. Massachusetts, 137 S. Ct. 1899, 1912 (2017); Jackson v. Kelly, 650 F.3d 477, 493 (4th Cir. 2011).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Barnes raises several arguments about counsel's performance before arraignment. First, Barnes claims that counsel was ineffective by failing to act on Barnes's request to plead guilty to count one and proceed to trial only on count two. See [D.E. 106] 3–7; [D.E. 95] 4; [D.E. 113] 2. Barnes also argues that counsel refused to enter into plea negotiations and lied to Barnes about motion deadlines. See [D.E. 113] 2. Finally, Barnes argues that counsel failed to provide accurate advice regarding Rehaif (which was still pending at the time of Barnes's arraignment). [D.E. 95] 13.

4

Barnes appears to argue that counsel's failure to pursue a plea agreement and provide accurate advice about Rehaif rendered his not guilty plea to count one involuntary. See [D.E. 78] 4.

Barnes's claim that he did not knowingly or voluntarily plead not guilty to count one contradicts his sworn statements during his arraignment, and Barnes's sworn statements bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). At his arraignment, the court asked Barnes whether he understood what was happening and whether he was fully satisfied with his lawyer's legal services in the case. See Rule 11 Tr. [D.E. 83] 11–12. Barnes did not indicate that he did not understand what was happening or that he had any problems with his attorney's services. See id. The court also asked Barnes, if he had "sufficient time to consult and discuss your indictment in your case with your lawyer." Id. at 16. Barnes replied "yes, sir." Id. Barnes also confirmed that he understood the nature of the charges against him and the potential penalties if he proceeded to trial on either count. See id. The record shows that Barnes, under oath, confirmed that he understood the nature of the charges against him, had discussed the indictment and the counts with counsel, and that he was fully satisfied with counsel's services. See id. 11–16. Accordingly, Barnes's claims regarding his counsel's pretrial performance fails.

Alternatively, as for all claims concerning Barnes's arraignment, even assuming that Barnes's counsel's performance was deficient, each of Barnes's claims fail as to prejudice. Even if Barnes had pleaded guilty to count one only, the result would have been the same as what occurred at trial: Barnes would have been found guilty on count one and count two would have been dismissed. Therefore, there is no "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

5

Barnes also argues that his counsel was ineffective by failing to object to the expert testimony of Jamie Minns at trial. See [D.E. 95] 12; [D.E. 113] 3. However, trial counsel did file a motion in limine seeking to limit the admissible testimony of Jamie Minns. See [D.E. 41]. In this motion, trial counsel conceded that courts "uniformly found" ballistics expert testimony admissible, but argued that any opinion testimony must be stated in terms of "more likely than not." Id. At the pretrial conference, after hearing argument from the parties, the clarified how the expert could testify regarding her degree of certainty about the results of her testing. See [D.E. 84]. Although the court agreed that Minns could not offer testimony that she was "100% certain" of the results, the court rejected counsel's arguments that Minns should only be able to testify that it was more likely than not that her results were accurate. See id. at 5–6. To the extent Barnes argues that counsel should have objected again to the admissibility of Minns's testimony, the issue had been preserved. As for any additional motion to exclude Minns's testimony, Barnes does not even describe the basis for such a successive motion given the court's ruling on counsel's first motion. Cf. Premo, 562 U.S. at 123–28. The Sixth Amendment does not require counsel to file meritless motions. See Knowles, 556 U.S. at 124–26. Accordingly, there was no deficient performance by failing to file meritless motions regarding Minns's expert testimony. See id.; Strickland, 466 U.S. at 686–91.

Next, Barnes argues that counsel was deficient by failing to challenge the sufficiency of count one of the indictment because the indictment did not specifically identify the make and model of the firearm. See [D.E. 95] 13; [D.E. 113] 4. Barnes also melds this argument with an additional argument that trial counsel failed to object to the interstate nexus jury instruction. See [D.E. 95] 13. Barnes cites no authority to suggest that the specific make and model of the firearm or ammunition at issue in the case must be included in the indictment. The authority is to the contrary. See Fed. R. Crim. P. 7(c). Moreover, the indictment in this case properly charged the then-existing essential

6

elements of felon in possession of a firearm and ammunition under section 922(g)(1). See [D.E. 11].

As for Barnes's complaints about Rehaif, Barnes knew he was a felon when he possessed the firearm. See Greer v. United States, 141 S. Ct. 2090, 2096–2100 (2021); Edwards v. Vannoy, 141 S. Ct. 1547, 1554–62 (2021). When Barnes possessed the firearm, Barnes had felony convictions for common law robbery, possession of a firearm by a felon, and possession with intent to sell and deliver cocaine (three counts). See PSR ¶¶ 20, 23–24. To the extent Barnes believes that counsel should have objected to the interstate nexus jury instruction, any such objection would have been meritless. Counsel need not make meritless motions. See Knowles, 556 U.S. at 124–26; Strickland, 466 U.S. at 686–91. Accordingly, there was no deficient performance by failing to file a motion challenging the indictment, raise a Rehaif objection, or raise an objection to the interstate nexus jury instruction.

Barnes also argues that counsel stipulated to Barnes being a prohibited person at the time of the felon in possession offence without Barnes's knowing consent. See [D.E. 95] 13; [D.E. 113] 6. Barnes argues that he did not understand the stipulation because he did not "know how to read that well or comprehend legal issues." [D.E. 95] 13. The stipulation is written in plain English and clearly states that Barnes "had been convicted of a crime punishable by imprisonment for a term exceeding one year (a felony), and his right to possess a firearm had not been restored." [D.E. 109] 1. Barnes also agreed to the stipulation, as evidenced by Barnes's signature on the bottom of the page. See id. To the extent Barnes maintains that he did not understand the simple language of the stipulation, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Accordingly, based on the contents of the stipulation and Barnes's signature, the court rejects Barnes's conclusory allegation that his agreement to the stipulation was involuntary.

7

Finally, Barnes argues that appellate counsel was ineffective for not raising the foregoing ineffective assistance of counsel arguments on appeal. See [D.E. 95] 13. Generally, ineffective assistance of counsel claims are not reviewable on direct appeal. See United States v. Freeman, 24 F.4th 320, 331 (4th Cir. 2022) ("we typically review ineffective assistance of counsel claims on collateral review"); United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994) (same). An exception arises where the ineffectiveness of counsel "conclusively appears in the trial record itself." Freeman, 24 F.4th at 331 (quotation omitted). As no such ineffective assistance claim conclusively appeared on the trial record in Barnes's case, appellate counsel could not raise Barnes's arguments on direct appeal. Even if appellate counsel could have raised these issues on direct appeal, as discussed above, Barnes's ineffective assistance of counsel claims are meritless. Appellate counsel is not deficient for failing to raise meritless arguments on appeal. See Smith v. Robbins, 528 U.S. 259, 284–89 (2000); cf. Knowles, 556 U.S. at 124–26. Accordingly, Barnes has not plausibly alleged deficient performance of appellate counsel.

After reviewing the claims presented in Barnes's motion, the court finds that reasonable jurists would not find the treatment of Barnes's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court DENIES as moot petitioner's motion for extension of time to file a reply, GRANTS respondent's motion to dismiss [D.E. 108], DISMISSES petitioner's section 2255 motion [D.E. 95], and DENIES a certificate of appealability.

SO ORDERED. This 21 day of April, 2023.

                                                        JAMES C. DEVER III
                                                        United States District Judge